1 | ROBERT J. JACKSON & ASSOCIATES, INC.
Robert J. Jackson, Esq., SBN 53809
2 | Amy E. Starrett, Esq., SBN 256204
3 | 4199 Campus Drive, Suite 700
Irvine, CA 92612
4 | Tel:  (949) 854-2244/ Fax: (949) 892-1327
5 | rjackson@jandalegal.com; astarrett@jandalegal.com

6 | WRIGHT, FINLAY & ZAK, LLP
Madeleine K. Lee, Esq. SBN 258520
7 | Nichole L. Glowin, Esq. SBN 262932
8 | 4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
9 | Tel: (949) 477-5050/Fax: (949) 477-9200
mlee@wrightleglal.net; nglowin@wrightlegal.net
10

11 | Attorneys for Plaintiff,
U.S. BANK NATIONAL ASSOCIATION, as Trustee
12

13 | UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

15 | U.S. BANK NATIONAL ASSOCIATION, as ) Case No.: 2:10-cv-08262-MMM -VBK
Trustee,                                )
16 |                                     ) **REQUEST FOR ENTRY OF DEFAULT**
17 |              Plaintiff,              ) **[F.R.C.P. 55(a)]**
                                         )
18 |      v.                              )
                                         )
19 | FLORENTINO NOVOA; and DOES 1 through )
20 | 100, inclusive,                      )
                                         )
21 |              Defendants.             )

22

23 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

24 | Plaintiff U.S. BANK NATIONAL ASSOCIATION, as Trustee ("Plaintiff"), hereby

25 | requests that the Clerk of the above-entitled Court enter default in this matter against Defendant

26 | FLORENTINO NOVOA ("Defendant") on the grounds that Defendant has failed to appear or

27 | otherwise respond to the underlying Complaint within the time prescribed by Federal Rule of

28 | Civil Procedure Rule 12. Accordingly, pursuant to Federal Rule of Civil Procedure Rule 55 the
clerk may enter a default against the non-answering party, Defendant, FLORENTINO NOVOA.

1
---
**REQUEST FOR ENTRY OF DEFAULT**

1  The facts setting forth the Defendant's default are set forth in the Declaration of
2  Madeleine K. Lee attached hereto and incorporated herein by this reference.

3  Respectfully Submitted,

4  WRIGHT, FINLAY & ZAK, LLP

5

6  DATED:  November 30, 2010        By:   /s/ *Madeleine K. Lee*
7        Madeleine K. Lee
      Nichole L. Glowin
8        Attorneys for Plaintiff, U.S. BANK
      NATIONAL ASSOCIATION, as Trustee

**DECLARATION OF MADELEINE K. LEE**

I, MADELEINE K. LEE, declare:

1.    I am an attorney duly licensed to practice before this Court, and I am an associate with the law firm of Wright, Finlay & Zak, LLP, attorneys of record for Plaintiff U.S. BANK NATIONAL ASSOCIATION, as Trustee ("Plaintiff"). The following is within my personal knowledge, and if called upon to do so, I could and would testify competently thereto.

2.    On October 15, 2010, Plaintiff filed a Complaint in Unlawful Detainer ("Complaint") against Defendant FLORENTINO NOVOA ("Defendant") in the Superior Court of the State of California, County of Los Angeles, Van Nuys Courthouse, under Case No. 10B906412 ("UD Action"). A true and correct copy of the Complaint is attached hereto as Exhibit "1" and is incorporated herein by this reference.

3.    On or about October 25, 2010, Plaintiff personally served the Defendant with a true and correct copy of the Complaint in the UD Action. A true and correct copy of the Proof of Service of the Complaint on the Defendant is attached hereto as Exhibit "2" and is incorporated herein by this reference.

4.    On or about October 29, 2010, Defendant filed a Demurrer to the Complaint ("Demurrer") in the underlying UD Action, which was set for hearing on November 29, 2010. A true and correct copy of the Demurrer is attached hereto as Exhibit "3" and incorporated herein by this reference.

5.    Prior to the hearing on the Demurrer in the state court, on or about November 1, 2010, Defendant filed a Notice of Removal with respect to the UD Action thereby instituting the within federal case, Case No. 10-cv-08262-MMM –VBK ("Removed Action").

6.    Pursuant to Federal Rule of Civil Procedure Rule 12, Defendant was required to file and serve an answer or other responsive pleading or to re-file the necessary answers or responsive pleadings in this Removed Action within 21 days after the service of the underlying Complaint. Accordingly, Defendant should have filed or re-filed a responsive pleading herein on or before November 15, 2010.

7.    I am informed and believed, based upon a review of the case docket herein, that

3

**REQUEST FOR ENTRY OF DEFAULT**

1  Defendant did not re-file his Demurrer or file any other responsive pleading in the within action
2  following the removal of the UD Action.  Additionally, my office has not received or been
3  served with any responsive pleading by the Defendant in this Removed Action. As such,
4  pursuant to Federal Rule of Civil Procedure Rule 55, the clerk of this Court may enter a default
5  in the Removed Action against the Defendant for his failure to file a responsive pleading.
6      8. Based on the foregoing, Plaintiff respectfully requests that this Court enter the
7  default of Defendant FLORENTINO NOVOA.
8      I declare under penalty of perjury under the laws of the United States of America that the
9  foregoing is true and correct.  Executed this 30th day of November 2010 at Newport Beach,
10 California.

                                                /s/ *Madeleine K. Lee*
                                                Madeleine K. Lee, Declarant

**PROOF OF SERVICE**

I, Gretchen Crumpacker, declare:

I am employed in the County of Orange, State of California. I am over the age of eighteen and am not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On November 30, 2010, I served the foregoing document described as **REQUEST FOR ENTRY OF DEFAULT** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

*Florentino Novoa*
*12732 Paramount Boulevard*
*Downey, CA 90242*

*Honorable Margaret M. Morrow*
*U.S. District Court*
*255 East Temple Street*
*Los Angeles, CA 90012*

I declare under penalty of perjury under the laws of the United States of America that I placed such envelopes for collection to be mailed on this date following ordinary business practices and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on November 30, 2010 at Newport Beach, California.

/s/ *Gretchen Crumpacker*
Gretchen Crumpacker

5

**REQUEST FOR ENTRY OF DEFAULT**