JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-08262 MMM (VBKx) | Date | December 15, 2010 |
|---|---|---|---|

| Title | U.S. Bank National Assoc. v. Florentino Novoa, and Does 1-100 |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

On October 15, 2010, U.S. Bank National Association ("U.S. Bank") filed an unlawful detainer action in Los Angeles Superior Court against *pro se* defendant Florentino Novoa and Does 1 through 100.[1] U.S. Bank alleges that it purchased the real property located at 7938 Tampa Ave., Reseda, California 91335 ("the property") at a foreclosure sale conducted in compliance with California Civil Code § 2924.[2] On or about September 27, 2010, U.S. Bank served defendant with a Notice to Vacate under California Code of Civil Procedure §§ 1161a and 1162.[3] Plaintiff alleges that defendant failed and refused to deliver possession of the property following expiration of the notice period as required by § 1161(a) and that he continues in possession of the property without its permission or consent.[4]

---

[1]Removal, Exh. B (Summons and Complaint ("Complaint")), Docket No. 1 (Nov. 1, 2010).

[2]Complaint, ¶¶ 3-5.

[3]Complaint, ¶ 9.

[4]Complaint, ¶¶ 10-11.

Plaintiff's complaint states a single state law unlawful detainer claim. It seeks possession of the premises and alleges that the amount in controversy does not exceed $10,000.[5] Defendant removed the action on November 1, 2010, alleging that the court has original jurisdiction over the action under 12 U.S.C. § 1452, 28 U.S.C. § 1352, the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), and the National Banking Act.[6]

On November 23, 2010, plaintiff filed a motion to remand the case to superior court.[7] Defendants did not oppose the motion, and on November 29, 2010, Florentino Novoa, the sole named defendant, filed a declaration requesting that the court remand the case to superior court.[8] Therein, defendant asked the court to excuse his "lack of knowledge in [his] filing," and requested that the court "please remand this case to superior court."[9]

## II. DISCUSSION

### A.   Legal Standards Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich*

---

[5] Complaint at 1, 3.

[6] Removal at 2.

[7] Motion to Remand, Docket No. 8 (Nov. 23, 2010).

[8] Declaration, Docket No. 16 (Nov. 29, 2010).

[9] *Id.* at 1.

*v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).  As the party seeking removal, the defendant must prove, by a preponderance of the evidence, actual facts sufficient to support jurisdiction.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.* at § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

### B.   Legal Standards Governing Federal Question Jurisdiction

Federal question jurisdiction is presumed to be absent unless a defendant, as the party seeking removal, shows that the plaintiff has either alleged a federal claim, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), a state cause of action that requires resolution of a substantial issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States.  *Franchise Tax Bd.,* 463 U.S. at 13 (1983).  A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action.  Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Since a defendant may remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint."  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  It is not enough for removal purposes that a federal question may arise in connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim"); *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S.

at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"); *Franchise Tax Bd.*, 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case").

### C.   Whether the Requirements for Federal Question Jurisdiction Are Met

The notice of removal contends that the court has original jurisdiction under 12 U.S.C. § 1452, 28 U.S.C. § 1352, RESPA, TILA, and the National Banking Act.[10] U.S. Bank's complaint does not raise claims under these federal statutes, however. To the contrary, U.S. Bank states only a state law unlawful detainer claim over which the court does not have original jurisdiction. See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL*,* 2009 WL 5218006*,* *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists"). Because "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," *Caterpillar*, 482 U.S. at 392, and because only state law claims are pled, removal jurisdiction based on federal question is lacking.

### III.  CONCLUSION

For the reasons stated, the court lacks subject matter jurisdiction to hear this action, and directs the clerk to remand the case to Los Angeles Superior Court forthwith. Remand is justified both by the substantive law and by defendants' request in their declaration.

---

[10] Removal at 2.